WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wilson Tsosie,<br><br>    Petitioner,<br><br>v.<br><br>USA,<br><br>    Respondent. | No. CV-19-08061-PCT-GMS (ESW)<br><br>**ORDER** |

Pending before the Court is a Report and Recommendation ("R&R") (Doc. 15) issued by Magistrate Judge Eileen S. Willett recommending that the Court deny Petitioner Wilson Tsosie's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." (Doc. 1.) Petitioner timely filed an objection to the R&R. (Doc. 16.) The Court will deny Petitioner's Motion and adopt the R&R.

## BACKGROUND

Because no party has objected to the procedural background set forth in the R&R, the Court adopts the background as set forth therein:

> In July 2012, a jury convicted Movant on two counts of Aggravated Sexual Abuse in violation of 18 U.S.C. §§ 1153, 2241(a), and 2246(2)(A). (CR Doc. 67). The Court sentenced Movant to a total of 210 months in prison. (*Id.*). Movant appealed his convictions and sentences. (CR Doc. 68). On November 29, 2017, the Ninth Circuit affirmed Movant's convictions. (CR Doc. 88). In February 2019, Movant filed the Motion to Vacate (Doc. 1). The Government concedes that the Motion to Vacate is timely. (Doc. 13 at 11 n.12). The Motion to Vacate contains two grounds

for relief. Ground One raises four ineffective assistance of counsel claims. (Doc. 1 at 12-14). Ground Two alleges that Movant was denied the right to counsel when interviewed by law enforcement following his arrest. (*Id.* at 6).

(Doc. 15 at 2.)

When the Ninth Circuit affirmed Petitioner's convictions, it concluded that the Petitioner's Miranda rights were not violated because his question, "I have a lawyer or something?" was not an invocation of the right to counsel. *United States v. Tsosie*, 709 F. App'x 447, 450 (9th Cir. 2017).

## DISCUSSION

### I.     Standard of Review

A "district judge may refer dispositive pretrial motions, and petitions for writ of habeas corpus, to a magistrate, who shall conduct appropriate proceedings and recommend dispositions." *Thomas v. Arn*, 474 U.S. 140, 141 (1985); *see also* 28 U.S.C. § 636(b)(1)(B); *Estate of Connors v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993). Any party "may serve and file written objections" to a report and recommendation by a magistrate. 28 U.S.C. § 636(b)(1). "A judge of the court shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." *Id.* District courts, however, are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Arn*, 474 U.S. at 149. A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).

### II.    Analysis

Petitioner appears to make one objection to the R&R. He argues that he was improperly denied his right to counsel because he did not effectively waive his Miranda rights. Petitioner already litigated the claim that he invoked his right to counsel on direct appeal, and his objection does not refer to the magistrate's recommendations regarding the ineffective assistance of counsel claims. *Tsosie*, 709 F. App'x at 447; (Doc. 16 at 1).

"The 'law of the case' rule ordinarily precludes a court from re-examining an issue previously decided by the same court, or a higher appellate court, in the same case." *Moore*

*v. James H. Matthews & Co.*, 682 F.2d 830, 833 (9th Cir. 1982). Thus, the Ninth Circuit has held that "[i]ssues disposed of on a previous direct appeal are not reviewable in a subsequent petition under 2255." *Stein v. United States*, 390 F.2d 625, 626 (9th Cir. 1968). Because the Ninth Circuit found that his waiver was valid and the statements were properly admitted at trial, Petitioner is precluded from relitigating the motion to suppress through a § 2255 motion. *Id.* at 450.

## CONCLUSION

Having reviewed the record as it relates to Petitioner's objections *de novo*, the Court accepts the Report and Recommendation and denies the Petitioner's Motion.

**IT IS HEREBY ORDERED** that Petitioner Wilson Tsosie's Objection to the Report and Recommendation (Doc. 16) is **OVERRULLED.**

**IT IS FURTHER ORDERED** that the Report and Recommendation of Magistrate Judge Eileen S. Willett (Doc. 15) is **ADOPTED.**

**IT IS FURTHER ORDERED** that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1) is **DENIED.**

**IT IS FURTHER ORDERED** directing the Clerk to terminate this action and enter judgment accordingly.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 15th day of September, 2020.

_____
G. Murray Snow
Chief United States District Judge